UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DEREK BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00552-JPH-MKK |
| | ) | |
| ZATECKY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Derek Boyd is incarcerated at Putnamville Correctional Facility, and he has filed a complaint alleging that he is confined under conditions that violate his constitutional rights and place him in imminent danger of suffering a serious physical injury. Because Mr. Boyd is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

1

678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Boyd asserts claims for damages against five defendants: Putnamville Correctional Facility (PCF) Administrator Dushan Zatecky; Aramark Correctional Services, LLC, which provides food services at PCF; Brandon Miller, whom Aramark employs as Food Service Director at PCF; Chris Williams, a grievance specialist at PCF; and the director of the Indiana Department of Health. He bases his claims on the following allegations.

Since June 2022, inmates in Mr. Boyd's housing unit have been required to retrieve their meals from a dining facility, bring them back to the housing unit, and eat them there. This is unsafe because it forces Mr. Boyd to eat in close proximity to a bathroom, food is not maintained at proper temperatures, and the housing unit is not sanitized to the same standards as a food-service facility. Mr. Boyd became sick with food poisoning in November 2022.

Mr. Boyd also alleges—without elaboration—that at least one of his three daily meals has no vegetables and that the diet cannot amount to more than 1,200 or 1,500 calories per day. Mr. Boyd also alleges that PCF is required to provide kosher meals for some inmates, that some of the food served is not kosher, and that the environment in which these inmates are required to eat is not kosher.

## III. Discussion of Claims

This action **will proceed** with Eighth Amendment claims against Mr. Zatecky, Aramark, and Mr. Miller pursuant to 42 U.S.C. § 1983. Construed liberally, Mr. Boyd's allegations that he must eat in an unsanitary environment that caused him food poisoning support a reasonable

inference that these defendants have been deliberately indifferent to conditions that place Mr. Boyd at serious risk of harm. Based on the same allegations, state-law claims of negligence and intentional infliction of emotional distress **will proceed** against the same defendants.

Claims against Mr. Williams are **dismissed** for **failure to state a claim** upon which relief may be granted. The complaint asserts only one allegation against Mr. Williams: that Mr. Boyd filed a grievance concerning the allegations set out above and that Mr. Williams responded that the dining hall was sanitized multiple times per day. Dkt. 2 at ¶ 19. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Mr. Boyd does not allege that Mr. Williams is responsible for or involved in setting food-service policy or maintaining cleanliness at PCF. Meanwhile, the complaint does not support an inference that Mr. Williams's single grievance response showed "deliberate indifference to a substantial risk of serious harm." *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021) (cleaned up). Likewise, this single allegation against Mr. Williams does not describe "extreme and outrageous conduct," *Cortezano v. Salin Bank & Trust*, 680 F.3d 936, 941 (7th Cir. 2012) (identifying elements of intentional infliction of emotional distress), or even neglect for Mr. Boyd's safety, for which Mr. Williams would not appear to be responsible in his role as grievance specialist.

For the same reason, claims against the Director of the Department of Health are **dismissed**. The complaint does not allege that the Director is personally involved in or responsible for policies or conditions at PCF. It does not allege that the Director knows of the conditions Mr. Boyd describes, and, indeed, it alleges that any violations of Mr. Boyd's rights have occurred because the defendants have *deviated* from standards set by the Department of Health.

Mr. Boyd asserts that requiring inmates to eat in their housing units is motivated by cost savings and amounts to conversion, presumably of whatever funds the Indiana Department of Correction (IDOC) has paid Aramark to provide food services. Any claim for conversion is **dismissed** because it is not clear how Mr. Boyd can demonstrate standing to sue for conversion of property that was not his. "To sue in federal court, a plaintiff must . . . demonstrate an injury to" a "separate concrete interest." *Protect Our Parks, Inc. v. Chicago Park Dist.*, 971 F.3d 722, 731 (7th Cir. 2020) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 572 (1992)). "[C]oncerned bystanders" with "undifferentiated" claims based only on a "desire that the government follow the law" "are not entitled to press their claims in federal court." *Id.* at 731–32.

Claims based on the theories that Mr. Boyd is not given enough food and that his religious freedoms have been violated are **dismissed without prejudice**. Mr. Boyd's passing references to calories do not support a reasonable inference that any defendant has been deliberately indifferent to a serious risk of harm as would be required to plead an Eighth Amendment violation. Likewise, Mr. Boyd's brief references to kosher meal preparation do not include allegations regarding what (if any) religious beliefs he holds or how the defendants have burdened his ability to practice those beliefs. *See, e.g.*, *Thompson v. Holm*, 809 F.3d 376, 379–80 (7th Cir. 2016) (stating elements of a First Amendment religious diet claim).

If the Court found that these few allegations supported plausible claims, it would nevertheless exercise its discretion under Federal Rule of Civil Procedure 21 to sever them from the claims regarding the environment in which Mr. Boyd is forced to eat and how it affects his health and safety. *See Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000) ("As long as there is a discrete and separate claim, the district court may exercise its discretion and sever it."). Whether Mr. Boyd's environment is safe, whether he receives enough food, and whether his

diet substantially burdens his religious beliefs are separate questions involving separate legal and factual considerations and, likely, different defendants. Accordingly, the better course here is to permit Mr. Boyd to develop these claims more thoroughly in separate actions.

Finally, Mr. Boyd's claims of "civil conspiracy" and "actual malice" are **dismissed for failure to state a claim** upon which relief may be granted. *See* dkt. 2 at 12. These are not independent causes of action under Indiana law. *E.g.*, *Rosenbaum v. White*, 692 F.3d 593, 606 (7th Cir. 2012) ("In Indiana, there is no independent cause of action for civil conspiracy.").

### IV. Motion for Leave to Proceed *In Forma Pauperis*

Mr. Boyd notes in his complaint that he has "struck out" under 28 U.S.C. § 1915(g), *see* dkt. 2 at 6, but the Eighth Amendment claims proceeding in this action are based on allegations that Mr. Boyd faces an imminent danger or serious physical injury. Accordingly, his motions for leave to proceed *in forma pauperis*, dkts. [6], [11], and [16], are **granted**.

Although the plaintiff is excused from *pre*-paying the full filing fee, he still must pay the three hundred and fifty dollar ($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("[T]he prisoner shall be required to pay the full amount of a filing fee.").

The assessment of even an initial partial filing fee is waived because the plaintiff has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time.

### V. Summary and Service of Process

As discussed in Part III above:

- This action **will proceed** with Eighth Amendment claims against Mr. Zatecky, Aramark, and Mr. Miller pursuant to 42 U.S.C. § 1983.

5

- The action **will proceed** with state-law claims of negligence and intentional infliction of emotional distress against the same defendants.

- All other claims are **dismissed**.

The **clerk is directed** to **terminate** Chris Williams and the Director of the Indiana Department of Health as defendants on the docket.

The claims discussed in Part III are the only claims the Court identified in the complaint. If Mr. Boyd believes he asserted additional claims that the Court did not address, he must notify the Court **no later than February 28, 2023**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process will consist of the complaint (dkt. [2]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

The **clerk is directed** to serve Mr. Zatecky, an Indiana Department of Correction employee, electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 2/1/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DEREK BOYD
273507
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:

    Dushan Zatecky, Putnamville Correctional Facility


Aramark Correctional Services, LLC
2400 Market St.
Philadelphia, PA 19103

Brandon Miller
Aramark Correctional Services, LLC
2400 Market St.
Philadelphia, PA 19103

Courtesy Copy:

    Christopher Cody
    Hume Smith Geddes Green & Simmons, LLP
    54 Monument Circle, Suite 400
    Indianapolis, IN  46204

Financial Deputy Clerk